**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 3 1 2007

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Gustavo Moreno, Gustavo Moreno, Jr., Georgina Moreno, Rubi Moreno, Gil Perez, Jr., individually and as next friend of Gilberto Perez; | § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § | CIVIL ACTION NO. B-06-cv-95 |
| S.E.W. Friel Co., | § § § | JURY TRIAL DEMANDED |
| **Defendant.** | § § | |

<u>**PLAINTIFFS' FIRST AMENDED COMPLAINT**</u>

<u>**Preliminary Statement**</u>

1.1     This is a civil action for damages and declaratory relief brought by six migrant farm workers from the Rio Grande Valley against the Defendant, a corn producer.  The Plaintiffs were hired to process and can corn and other agricultural products during the summer of 2004 at S.E.W. Friel's operations in Maryland.  S.E.W. Friel recruited the Plaintiffs in Texas, luring them to Maryland with false promises about their wages, bonuses, the conditions of the housing and the worksite, the amount of work available, and the availability of transportation.  These actions by S.E.W. Friel and its agents were a direct violation of its obligations under state and federal employment laws and a violation of the working arrangement that S.E.W. Friel had made with the Plaintiffs.

1.2     Plaintiffs' challenge to the employment practices of Defendant is premised on violations of the Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29

*Plaintiffs' First Amended Complaint*

U.S.C. §§ 1801 et seq. (hereinafter "AWPA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 et

seq. (hereinafter "FLSA") and the Maryland Wage Payment and Collection Law, Md. Labor &

Employment Code §§ 3-501 et. seq. (hereinafter "MWPCL"). Plaintiffs seek their actual,

statutory, and consequential damages, and their costs of court.

## Jurisdiction and Venue

2.1    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (Federal

       Question),

28 U.S.C. § 1337 (Interstate Commerce).

2.2    The federal claims in this action are authorized and instituted pursuant to 29 U.S.C §

216(b) (FLSA) and 29 U.S.C. § 1854(a) (AWPA).

2.3    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiffs'

claims arising under state law because these claims are so related to the federal claims that they

form part of the same case or controversy.

2.4    Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

2.5    This Court has personal jurisdiction over the Defendant, and venue is proper in this

district pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1854(a).

## Parties

3.1    Plaintiffs GUSTAVO MORENO, GUSTAVO MORENO, JR., GEORGINA MORENO,

RUBI MORENO, GIL PEREZ, JR. and GILBERTO PEREZ have their permanent place of

residence in Cameron County, Texas.

3.2    Plaintiffs GUSTAVO MORENO, GUSTAVO MORENO, JR., GEORGINA MORENO,

RUBI MORENO, and GIL PEREZ, JR. were employed by the Defendant during the summer of

Page 2 of  11

*Plaintiffs' First Amended Complaint*

2004. These Plaintiffs are referred to herein as the "Working Plaintiffs."

3.3     Plaintiff GILBERTO PEREZ was not employed by the Defendant, but was provided housing by the Defendant in the summer of 2004. This plaintiff is referred to herein as the "Non-Working Plaintiff."

3.4     Defendant S.E.W. FRIEL is a Maryland corporation, having its principal place of business in Queenstown, Queen Anne's County, Maryland. Process may be served on S.E.W. FRIEL by serving its registered agent, James R. Friel, Jr., at 100 Friel Place, Route 301, Queenstown, Maryland 21658.

## Statement of Facts

4.1     At all times relevant to this action, the Working Plaintiffs were migrant agricultural workers.

4.2     At all times relevant to this action, the Defendant was an agricultural employer

4.3     At all times relevant to this action, the Defendant was an employer and the Working Plaintiffs were employees within meaning of 29 U.S.C. § 203(d) & (e).

4.4     At all times relevant to this action, the Defendant was an employer within meaning of Md. Labor & Employment Code §§ 3-501.

4.5     During the summer of 2004, the Working Plaintiffs engaged in agricultural employment at S.E.W. Friel's corn facility.

4.6     The Working Plaintiffs were recruited in Cameron County, Texas by the Defendant and/or its authorized agents to work in Maryland.

4.7     Jessica Gonzalez acting as an agent or an employee of the Defendant recruited the Working Plaintiffs on behalf of the Defendant.

Page 3 of 11

*Plaintiffs' First Amended Complaint*

4.8     Jessica Gonzalez also acted on behalf of the Defendant to make promises to the Plaintiffs about the employment, housing and transportation.

4.9     The Defendant offered, and the Working Plaintiffs accepted, agricultural employment with S.E.W. Friel during the summer of 2004.

4.10    This working arrangement was entered into in Texas.

4.11    Among other things, the working arrangement called for the Plaintiffs to leave their place of residence in Texas and to travel to Maryland to work for the Defendant.

4.12    At the time of recruitment in Texas, the Defendant made promises and representations to the Working Plaintiffs about the terms and conditions of employment.

4.13    The Defendant made these representations and promises to the Working Plaintiffs knowing they were false and misleading and with the intent that the Working Plaintiffs rely on such representations.

4.14    The Defendant provided such false and misleading representations to the Working Plaintiffs while the Working Plaintiffs were in Texas.

4.15    At the time that the Defendant recruited the Working Plaintiffs in Texas, the Defendant did not disclose in writing the terms and conditions of the employment as specified in 29 U.S.C. § 1821(a).

4.16    The Working Plaintiffs were at all times ready to comply with the terms of the working arrangement, and the Working Plaintiffs did in fact comply with the terms of the working arrangement.

4.17    The Defendant violated the working arrangement with the Working Plaintiffs without cause by not complying with each and every term and condition of employment that the

*Plaintiffs' First Amended Complaint*

Defendant promised to the Working Plaintiffs.

4.18    The Working Plaintiffs suffered injury as a result of the Defendant's violation of the working arrangement.

4.19    During the course of their employment, the Working Plaintiffs worked on products that were produced for movement in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

4.20    The Defendant arranged transportation and purchased tickets for the Plaintiffs to travel by

bus from Texas to Maryland for work.

4.21    The purchase price of the bus tickets was deducted from the Working Plaintiffs' paychecks once work commenced.

4.22    The transportation expenses were primarily for the benefit of the Defendant as the Working Plaintiffs' employer.

4.23    The housing the Plaintiffs were provided by the Defendant failed to meet federal and state health and safety standards.

4.24    The Plaintiffs were charged a deposit and rent for such substandard housing.

4.25    The deductions from the Working Plaintiffs' paychecks for the transportation costs and housing costs caused the Working Plaintiffs to earn less than minimum wage during certain workweeks.

4.26    The Defendant did not pay the Working Plaintiffs at least the minimum wage for each workweek that they were employed in violation of the FLSA.

4.27    The deductions for the transportation costs and housing also caused the Working

*Plaintiffs' First Amended Complaint*

Page 5 of 11

Plaintiffs to earn less than one and one-half times their regular rate of pay for each hour over forty that the Working Plaintiffs worked during certain workweeks.

4.28    The Defendant did not pay the Working Plaintiffs at least one and one-half times their regular rate of pay for each hour over forty that the Working Plaintiffs worked during certain workweeks in violation of the FLSA.

4.29    Wages were due to the Working Plaintiffs in the amount of the difference between what they should have been paid had they been paid the minimum wage for each discrete workweek and what they were actually paid.

4.30    Wages were due to the Working Plaintiffs in the amount of the difference between what they should have been paid had they been paid at least one and one-half times their regular rate of pay for each hour over forty that the Plaintiffs worked and what they were actually paid.

4.31    The Defendant failed to pay all wages owed to the Plaintiffs at the time they were due in violation of the AWPA and MWPCL 3-505.

4.32    At all times Gustavo Moreno was ready, willing and able to work and fulfill the working arrangement.

4.33    On or around August 3, 2005 the Defendant told Gustavo Moreno that no more work was available for him.

4.34    Defendant violated the working arrangement by not allowing Gustavo Moreno to complete the work promised.

4.35    At all times Rubi Moreno was ready, willing and able to work and fulfill the working arrangement.

4.36    The Defendant promised Rubi Moreno that childcare was available throughout the

Page 6 of 11

*Plaintiffs' First Amended Complaint*

canning season, which was not true.

4.37    Rubi Moreno had to stop working due to this breach of the working arrangement.

4.38    Defendant violated the working arrangement by not ensuring childcare was available so that Rubi Moreno could work the entire season.

4.39    During the Working Plaintiffs employment in 2004 the Defendant did not post in a conspicuous place a poster setting forth the rights and protections afforded migrant agricultural workers under the AWPA.

4.40    During the course of their employment, the Plaintiffs were housed in housing owned or controlled by the Defendant.

4.41    This housing did not meet the safety and health standards specified under the AWPA and under applicable state and federal law.

4.42    The Defendant did not post a copy of a certification of occupancy in the Plaintiffs' housing.

4.43    The Defendant did not post a statement in the Plaintiffs' housing setting forth the terms and conditions of occupancy.

4.44    The Defendant used or caused to be used certain vehicles for the transportation of the Plaintiffs.

4.45    The vehicles and drivers used by the Defendant for transportation of the Plaintiffs did not meet the minimum safety standards specified in state law or in the AWPA.

4.46    The Defendant failed to make and preserve proper payroll records for each worker in violation of the AWPA.

4.47    The Defendant utilized the services of a farm labor contractor to supply migrant

*Plaintiffs' First Amended Complaint*

agricultural workers without first taking reasonable steps to determine whether the farm labor contractor was properly licensed to recruit, hire, employ, or furnish migrant agricultural workers.

4.48    All of the actions and omissions alleged in the paragraphs above were undertaken by the Defendant either directly and/or through its agents.

### First Cause Of Action: Migrant And Seasonal Agricultural Worker Protection Act (AWPA)

5.1    The Defendant intentionally violated the Working Plaintiffs' rights under the AWPA, by:

   a.  failing to disclose in writing the terms and conditions of employment at the time the Working Plaintiffs were recruited;

   b.  knowingly providing false and misleading information to the Working Plaintiffs regarding the terms and conditions of employment;

   c.  failing to comply with the terms of the working arrangement;

   d.  failing to pay the Working Plaintiffs the wages owed to them when due;

   e.  failing to post in a conspicuous place at the Working Plaintiffs' place of employment a poster setting forth the rights and protections afforded migrant agricultural workers under the AWPA;

   f.  using or causing to be used certain vehicles for transportation of the Plaintiffs without ensuring that the vehicles met certain minimum federal safety standards;

   g.  utilizing the services of a farm labor contractor to supply migrant agricultural workers who was not properly registered and authorized to engage in farm labor contracting activities for which the contractor was utilized; and

   h.  failing to make and preserve proper payroll records for each Working Plaintiff.

*Plaintiffs' First Amended Complaint*

Page 8 of 11

5.2     The Defendant intentionally violated the Working Plaintiffs' and the Non-Working

Plaintiff's rights under the AWPA by:

    a.  failing to ensure that the housing provided to the Plaintiffs complied with applicable
substantive federal and state health and safety standards;

    b.  failing to post a copy of a certification of occupancy in the Plaintiffs' housing; and,

    c.  failing to post a statement of the terms and conditions of occupancy in the Plaintiffs'
housing.

5.3     For each such violation of the AWPA, the Plaintiffs are entitled to recover their actual

damages or up to $500 per violation in statutory damages, whichever is greater.

### Second Cause of Action: Fair Labor Standards Act (FLSA)

6.1     At all times relevant to this action, the Working Plaintiffs were employed by the

Defendant within the meaning of the FLSA.

6.2     At all times relevant to this action, the Working Plaintiffs were employed by the

Defendant in the production of goods for interstate commerce.

6.3     The Defendant violated 29 U.S.C. § 206(a) by failing to pay the Working Plaintiffs

at least the federally mandated minimum wage of $5.15 per hour for each discrete workweek

during the Working Plaintiffs' employment, giving rise to a cause of action under

29 U.S.C. § 216.

6.4     The Defendant violated 29 U.S.C. § 207(a) by failing to pay the Working Plaintiffs

one and one-half times their regular rate of pay for their work in excess of 40 hours in each

discrete workweek, giving rise to a cause of action under 29 U.S.C. § 216.

6.5     As a consequence of the Defendant's violations of their rights under the FLSA, the

*Plaintiffs' First Amended Complaint*

Working Plaintiffs are entitled to recover from the Defendant their unpaid minimum wages and unpaid overtime wages, plus an additional equal amount in liquidated damages, and costs of court, pursuant to 29 U.S.C. § 216.

### Third Cause of Action: Maryland Wage Payment
### And Collection Law (MWPCL)

7.1     At all times relevant to this action, the Working Plaintiffs were employed by the Defendant within the meaning of the MWPCL § 3-501(b).

7.2     The Defendant failed to pay the Working Plaintiffs certain wages due to them upon termination, or on or before the day they would had been paid had work continued in violation of MWPCL § 3-505, giving rise to a cause of action under MWPCL § 3-507.1.

7.3     More than two weeks have elapsed from the date on which all wages were due.

7.4     As a consequence of the Defendant's violations of their rights under the MWPCL, the Working Plaintiffs are entitled to an amount not exceeding 3 times their wages due and their costs of court, pursuant to MWPCL § 3-507.1.

### Prayer For Relief

8.1     WHEREFORE, the Plaintiffs respectfully request that the Court grant them the following relief:

    A.     Enter judgment that the Defendant violated the AWPA as specified above and award the Plaintiffs either their actual, or alternatively, statutory damages in the amount of $500.00 for each violation of the AWPA, whichever amount is greater;

    B.     Enter judgment that the Defendant violated the FLSA as specified above and is liable to each Working Plaintiff for the amount of their unpaid minimum wages

*Plaintiffs' First Amended Complaint*

and overtime and an additional equal amount in liquidated damages;

C.      Enter judgment that the Defendant violated the MWPCL as specified above and award each Working Plaintiff three times their wages due;

D.      Award the Plaintiffs their actual and reasonable costs of court; and,

E.      Award the Plaintiffs such other relief, in law an in equity, as this Court deems just and proper.

Respectfully submitted,

_____/s/_____

Linley R. Boone
S. Dist. No.: 566465
Texas Bar No.: 24045528
TEXAS RIOGRANDE LEGAL AID, INC.
300 S. Texas Blvd
Weslaco, TX 78596
Phone: 956-447-4800
Facsimile: 956-968-8823
Attorney-in-Charge for the Plaintiffs

Rodolfo D. Sanchez
S. Dist. No.: 12600
Texas Bar No.: 17572100
Jennifer Smith
S. Dist. No.: 36274
Texas Bar No.: 24037514
TEXAS RIOGRANDE LEGAL AID, INC.
300 S. Texas Blvd
Weslaco, TX 78596
Phone: 956-447-4800
Facsimile: 956-968-8823
Co-Counsel for the Plaintiffs

*Plaintiffs' First Amended Complaint*